932 F.2d 971
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carlton ROBINSON, Plaintiff-Appellant,
v.
MARINE MIDLAND BANKS, INC., doing business as Marine Midland
Bank, N.A., Defendant-Appellee.
 No. 89-3365.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 8, 1991.
 
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Carlton Robinson brought this three-count complaint pursuant to 42 U.S.C. Secs. 2000e et seq. and 42 U.S.C. Sec. 1981, alleging that his former employer, Marine Midland Leasing Corporation ("MMLC"), discriminated against him on the basis of his race. The first count of the complaint alleged a racially discriminatory discharge, the second alleged a retaliatory discharge, and the third, a pendent claim, alleged breach of an employment contract under Illinois law. The district court granted summary judgment for MMLC on the federal claims while dismissing the state claim, without prejudice, for lack of subject matter jurisdiction under United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Robinson appeals from the entry of judgment on the federal claims.
 
 
 2
 We agree with the district court that Robinson failed to make out a prima facie case of disparate treatment. As the district court concluded, Robinson was unable to show that he met MMLC's legitimate expectations of his work, see Randle v. LaSalle Telecommunications, Inc., 876 F.2d 563, 570-71 (7th Cir.1989), and his "anecdotal evidence" as to salary did not establish a discriminatory motive. The record reveals that MMLC discharged Robinson because of his inability to generate business and his inadequate knowledge of credit transactions. As a result, his discriminatory discharge claim must fail.
 
 
 3
 We also agree with the district court that Robinson failed to make out a prima facie case of retaliation. As the district court concluded, Robinson was unable to show that he opposed a discriminatory practice. See Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1313 (7th Cir.1989). He never expressed concern about discrimination to anyone at MMLC. He did express concern about his own personal advancement, but that does not translate into a finding of opposition. See Gallagher v. Kleinwort Benson Gov't Sec., 698 F.Supp. 1401, 1406-07 (N.D.Ill.1988). So his retaliatory discharge claim must fail as well.
 
 
 4
 Robinson's argument that his manager created a "paper trail" of poor performance reviews in order to retaliate against him for requesting a raise is unavailing. The undisputed evidence shows that criticism of Robinson's job performance began long before he requested the pay raise. Robinson's additional argument that MMLC terminated him for filing a discrimination charge is also unavailing. The undisputed evidence shows that Robinson filed the charge only after he learned of his termination.
 
 
 5
 The judgment of the district court is accordingly
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34 (f). The Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record